UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRELL MACON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:16-cv-00689-NCC |
| v. | ) |
| | ) |
| FAMILY DOLLAR STORES | ) |
| OF MO, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Family Dollar Stores of MO, LLC's Motion to Dismiss (Doc. 6). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 20). For the following reasons, Defendant's Motion will be **GRANTED**.

### I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a

plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). All reasonable references from the complaint must be drawn in favor of the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 1999).

## II. Background

Plaintiff Darrell Macon ("Macon") filed this action for damages[1] against Defendant Family Dollar Stores of MO, LLC ("Family Dollar") for negligence (Count I) and willful, wanton and malicious failure to act or, in the alternative, the failure to act was recklessly indifferent (Count II) on April 22, 2016, in St. Louis County Circuit Court (Doc. 3). Family Dollar timely removed this action to this Court on May 17, 2016, based on diversity jurisdiction (Doc. 1). With leave of court, Family Dollar filed an amended notice of removal on August 10, 2016 (Doc. 22).

In his Petition, Macon alleges that on the afternoon of March 17, 2016, he was assaulted by two unknown assailants while a patron in Family Dollar's store located at 5251 Jennings Station Road, Jennings, Missouri (Doc. 3 at 1). As a result of the incident, Macon sustained "serious bodily injur[ies]" including loss of consciousness, a broken rib, a head injury, and bruises and contusions to his body (*Id.* at 2). Macon asserts that Family Dollar was negligent by

---

[1] In his Petition, Macon requests "damages [that] [] are fair and reasonable and for his costs herein expended" on Count I and "compensatory and exemplary damages in an amount which is fair and reasonable and for his costs herein expended" for Count II (Doc. 3).

failing to adequately protect the safety of Macon by not contacting the police promptly when the assailants entered the store and began putting on gloves (*Id.* at 1-2). Macon argues, on information and belief, Family Dollar has a panic button which, when pushed, instantly alerts the police to trouble within the store (*Id.* at 2). Defendant now moves to dismiss Plaintiff's Petition pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Doc. 6).

### III. Analysis

To establish a claim for negligence under Missouri law[2] a plaintiff must prove: "(1) existence of a duty on the part of the defendant to protect plaintiff from injury, (2) failure of the defendant to perform that duty, and (3) injury to the plaintiff resulting from such failure." *Nappier v. Kincade*, 666 S.W.2d 858, 860 (Mo. Ct. App. 1984). "If the allegations in plaintiff['s] petition, taken as true, do not satisfy the elements of actionable negligence, the trial court should dismiss the petition for failure to state a claim." *Id.* The sole issue before the Court is whether Macon has alleged sufficient facts that Family Dollar had a duty to protect Macon from the March 17, 2016 assault.

Business owners generally do not have a duty to protect business invitees from the criminal acts of third parties. *Aziz by and through Brown v. Jack in the Box, E. Div., LP*, 477 S.W.3d 98, 103 (Mo. Ct. App. 2015). However, a business owner may owe a duty to a patron if "special facts and circumstances" are present. *Id.* at 104. "Special facts and circumstances" may arise "when a third party who is known to be violent or behaves in a way indicating danger is on the business owner's premises and a sufficient time exists to protect the injury to the invitee" or "where prior specific incidents of violent crime have occurred and there is, as a result, a likelihood a third party will endanger the business owner's invitee." *Id.* at 104 n.2. As a

---

[2] The parties do not dispute that Missouri law applies.

preliminary matter, the parties do not dispute that the general rule applies to the current case or that Macon was a business invitee at the time of the alleged incident.

The Court finds that, even in the light most favorable to Macon, Macon fails to sufficiently allege facts to bring the alleged incident within the "special facts and circumstances" exception to the general rule, and he is, therefore, unable to establish Family Dollar had a duty to protect him. First, Macon does not assert that the third party assailants were known to Family Dollar much less "known to be violent" to Family Dollar. Indeed, Macon refers to them as "unknown" assailants (Doc. 3 at 1). Second, although Macon argues that the assailants "began putting on gloves" as they entered the store, even if the Court were to infer a nefarious purpose from this action, this fact alone is insufficient to establish that the assailants behaved in a way that would indicate danger on Family Dollar's premises (*Id.* at 2). *See, e.g, Pizzurro v. First North Cty. Bank & Trust Co.*, 545 S.W.2d 348 (Mo. Ct. App. 1976) (finding defendant could not reasonably anticipate a violent assault when there was no loud talking, threating language or unusual physical movements).

Third, Macon fails to adequately allege that sufficient time existed between the alleged dangerous behavior and Macon's alleged injury for Family Dollar to intervene to protect Macon. Macon alleges that Family Dollar acted negligently by not contacting the police "promptly" (Doc. 3 at 1). The Court notes that although Family Dollar included in both its Memorandum in Support of its Motion to Dismiss as well as its Reply footnotes indicating that security video footage of the incident shows that less than one minute elapsed from the time the assailants entered the store and the time of the alleged assault (Docs. 7 at 4 n.2, 15 at 5 n.1), the Court cannot review this information. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted) (when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court generally may not review matters outside the pleadings).

4

Regardless, Macon's allegation amounts to a threadbare recital of one element of the exception and is not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Finally, Macon fails to sufficiently allege "special facts and circumstances" under the "violent crimes" prong of the exception. Macon asserts that Family Dollar's "panic button suggests [Family Dollar] had knowledge of past criminal acts within its store, creating 'special facts and circumstances' which may create a duty to protect [Macon] and others" (Doc. 9 at 4). In support of his assertion, Macon argues that in *Aziz*, the Missouri Court of Appeals held that the general "no duty" rule did not apply when a facility installed security cameras, among other anticrime measures (Doc. 9 at 4). 477 S.W.3d at 104-05. However, the mere possession of a panic or duress button, as is the case here, is insufficient to establish the foreseeability required to find special circumstances. While the defendant in *Aziz* had access to a "duress button" and maintained security cameras on the premises, these security measures were one of many factors the appellate court considered in applying the "special facts and circumstances" exception. *Id.* The appellate court also noted that defendant restaurant "was open 24-hours, making it a greater target for crime," defendant's own policies recognized the threat of crime and that danger could arise to its customers resulting from being situated near bars and late night disruptive loitering, these same policies required that action be taken immediately, and defendant retained a private security firm to help implement its policies. In addition to its determination that the danger in *Aziz* was foreseeable considering these factors, the appellate court also found that defendant had "actual notice" of the potential assailants before the assault. *Id.* at 105.

Furthermore, Macon fails to allege that any specific crimes occurred on the premises to give rise to this exception. *Hudson v. Riverport Performance Arts Ctr.*, 37 S.W.3d 261, 264-65 (Mo. Ct. App. 2000) (internal quotation marks omitted) ("[T]he plaintiff must show prior

specific incidents of violent crimes have occurred on the premises that are sufficiently numerous and recent to put a defendant on notice, either actual or constructive, that there is a likelihood third persons will endanger the safety of defendant's invitee.").

Therefore, the Court finds that Macon fails to sufficiently allege facts to establish that Family Dollar had a duty to protect him and Count I must be dismissed. Because Count I must be dismissed, the Court must also dismiss Count II, Macon's claim for punitive damages. *Ellison v. Fry*, 437 S.W.3d 762, 777 (Mo. 2014) ("Punitive damages may not be awarded in the absence of nominal or actual damages."); *Davis v. Dolgencorp, Inc.*, 774 S.W.2d 565, 567 (Mo. Ct. App. 1989) ("An action seeking to recover both actual and punitive damages resulting from the same tort presents but a single claim.").

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Family Dollar Stores of MO, LLC's Motion to Dismiss (Doc. 6) is **GRANTED** and Plaintiff Darrell Macon's Petition is **DISMISSED, without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff Darrell Macon is granted leave to file an amended complaint, if he so chooses, within fourteen (14) days of the date of this order. Dated this 15th day of September, 2016.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE