UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRELL MACON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16-cv-00689-NCC |
| FAMILY DOLLAR STORES OF MO, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Family Dollar Stores of MO, LLC's Partial Motion to Dismiss (Doc. No. 28). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. No. 20). For the following reasons, Defendant's Motion will be **GRANTED**.

### I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a

plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. (citation omitted). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). All reasonable references from the complaint must be drawn in favor of the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 1999).

## II. Background

Plaintiff Darrell Macon ("Macon") filed this action for damages[1] against Defendant Family Dollar Stores of MO, LLC ("Family Dollar") for negligence (Count I) and willful, wanton and malicious failure to act or, in the alternative, the failure to act was recklessly indifferent (Count II) on April 22, 2016, in St. Louis County Circuit Court (Doc. No. 3). Family Dollar timely removed this action to this Court on May 17, 2016, based on diversity jurisdiction (Doc. No. 1). With leave of court, Family Dollar filed an amended notice of removal on August 10, 2016 (Doc. No. 22). The Court granted Family Dollar's Motion to Dismiss without prejudice (Doc. No. 23), and on September 27, 2016, Plaintiff filed a First Amended Complaint. (Doc. No. 24).

---

[1] In his First Amended Complaint, Macon requests "damages [that] [] are fair and reasonable and for his costs herein expended" on Count I and "compensatory and exemplary damages in an amount which is fair and reasonable and for his costs herein expended" for Count II (Doc. No. 24).

In his First Amended Complaint, Macon alleges that on the afternoon of March 17, 2016, he was assaulted by two unknown assailants while a patron in Family Dollar's store located at 5251 Jennings Station Road, Jennings, Missouri (Doc. No. 24 at 1). As a result of the incident, Macon sustained "serious bodily injur[ies]" including loss of consciousness, a broken rib, a head injury, and bruises and contusions to his body (*Id.* at 3). Macon asserts that Family Dollar was negligent by failing to adequately protect the safety of Macon by not contacting the police promptly when the assailants entered the store and began putting on gloves (*Id.* at 1-3). Macon argues that Family Dollar was (or should have been) on notice of a duty to protect him, as the store was in a "known…low income, high crime area[,]" and telephone records show that the police had been called to respond to that location "at least 87 times" in the preceding 11 months. (*Id.* at 1-2). Macon also alleges, on information and belief, that Family Dollar has a panic button which, when pushed, instantly alerts the police to trouble within the store (*Id.* at 1-2). Defendant now moves to dismiss Count II of Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Doc. No. 28).

### III. Analysis

To establish a claim for negligence under Missouri law[2] a plaintiff must prove: "(1) existence of a duty on the part of the defendant to protect plaintiff from injury, (2) failure of the defendant to perform that duty, and (3) injury to the plaintiff resulting from such failure." *Nappier v. Kincade*, 666 S.W.2d 858, 860 (Mo. Ct. App. 1984). "If the allegations in plaintiff['s] petition, taken as true, do not satisfy the elements of actionable negligence, the trial court should dismiss the petition for failure to state a claim." *Id.*

Business owners generally do not have a duty to protect business invitees from the criminal acts of third parties. *Aziz by and through Brown v. Jack in the Box, E. Div., LP*, 477

S.W.3d 98, 103 (Mo. Ct. App. 2015). However, a business owner may owe a duty to a patron if "special facts and circumstances" are present. *Id.* at 104. "Special facts and circumstances" may arise "when a third party who is known to be violent or behaves in a way indicating danger is on the business owner's premises and a sufficient time exists to protect the injury to the invitee" or "where prior specific incidents of violent crime have occurred and there is, as a result, a likelihood a third party will endanger the business owner's invitee." *Id.* at 104 n.2.

In order to show that punitive damages are warranted, as Macon requests in Count II, a plaintiff must go a step further and allege facts to show that the defendant "knew or had reason to know that there was a high degree of probability that the action would result in injury." *Alack v. Vic Tanny Int'l of Missouri, Inc.*, 923 S.W.2d 330, 338-39 (Mo. banc 1996) (citations omitted). Punitive damages are not available unless the defendant "showed complete indifference to or conscious disregard for the safety of others." *Id.* at 339 (citing *Stojkovic v. Weller*, 802 S.W.2d 152, 155 (Mo. banc 1991)).

The Court finds that, even in the light most favorable to Macon, Macon fails to sufficiently allege facts supporting an award of punitive damages. Although Macon alleges that Defendant's failure to protect was "willful, wanton, and malicious," Macon must "allege *facts* indicating the defendant willfully, wantonly, or maliciously injured the plaintiff by its tortious act." *Wilson v. Image Flooring, LLC*, 400 S.W.3d 386, 393 (Mo. Ct. App. 2013) (emphasis in original). Indeed, Macon's allegations that Family Dollar was on or should have been on notice of its duty to protect Macon in light of the serious criminal activity in the store and that Family Dollar had a "panic button," even in the light most favorable to Macon, fail to raise his claims of negligence to a "more egregious" level indicating "complete indifference to or conscious

---

[2] The parties do not dispute that Missouri law applies.

disregard for the safety of others." *Litchfield v. May Dept. Stores Co.*, 845 S.W.2d 596, 599 (Mo. App. Ct. 1992); *Alack*, 923 S.W.2d at 338-39. Therefore, the Court will dismiss Count II.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Family Dollar Stores of MO, LLC's Motion to Dismiss Count II of the First Amended Complaint (Doc. No. 28) is **GRANTED** and Count II of Plaintiff Darrell Macon's First Amended Complaint (Doc. No. 24) is **DISMISSED**.

**IT IS FURTHER ORDERED** that, in light of the Court's decision to dismiss Count II, Family Dollar Stores of MO, LLC shall show cause in writing why this case should not be remanded for want of subject matter jurisdiction no later than **May 1, 2017**.

Dated this 20th day of April, 2017.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE