UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DARRELL MACON,** | ) |
| Plaintiff, | ) |
| | ) No. 4:16-cv-00689-NCC |
| v. | ) |
| **FAMILY DOLLAR STORES OF MO, LLC,** | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Family Dollar Stores of MO, LLC's response to this Court's order to show cause why this case should not be remanded for want of subject matter jurisdiction (Doc. No. 39) and Plaintiff Darrell Macon's interrelated Motion to Recover his Attorney's Fees on Remand (Doc. No. 41). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. No. 20). For the following reasons, this action will be **REMANDED** to the 21st Judicial Circuit Court, St. Louis County, Missouri and Plaintiff's Motion will be **DENIED**.

### I. Background

Plaintiff Darrell Macon ("Macon") filed this action for damages[1] against Defendant Family Dollar Stores of MO, LLC ("Family Dollar") for negligence (Count I) and willful, wanton and malicious failure to act or, in the alternative, the failure to act was recklessly

---

[1] In his Petition, Macon requested "damages [that] [] are fair and reasonable and for his costs herein expended" on Count I and "compensatory and exemplary damages in an amount which is fair and reasonable and for his costs herein expended" for Count II (Doc. No. 3).

indifferent (Count II) on April 22, 2016, in St. Louis County Circuit Court (Doc. No. 3). Family Dollar timely removed this action to this Court on May 17, 2016, based on diversity jurisdiction (Doc. No. 1). With leave of court, Family Dollar filed an amended notice of removal on August 10, 2016 (Doc. No. 22). The Court granted Family Dollar's Motion to Dismiss without prejudice (Doc. No. 23), and on September 27, 2016, Plaintiff filed a First Amended Complaint. (Doc. No. 24).

In his First Amended Complaint, Macon alleges that on the afternoon of March 17, 2016, he was assaulted by two unknown assailants while a patron in Family Dollar's store located at 5251 Jennings Station Road, Jennings, Missouri (Doc. No. 24 at 1). As a result of the incident, Macon sustained "serious bodily injur[ies]" including loss of consciousness, a broken rib, a head injury, and bruises and contusions to his body (*Id.* at 3). Macon asserts that Family Dollar was negligent by failing to adequately protect the safety of Macon by not contacting the police promptly when the assailants entered the store and began putting on gloves (*Id.* at 1-3). Macon argues that Family Dollar was (or should have been) on notice of a duty to protect him, as the store was in a "known…low income, high crime area[,]" and telephone records show that the police had been called to respond to that location "at least 87 times" in the preceding 11 months. (*Id.* at 1-2). Macon also alleges, on information and belief, that Family Dollar has a panic button which, when pushed, instantly alerts the police to trouble within the store (*Id.* at 1-2).

On April 20, 2017, the Court granted Family Dollar's Motion to Dismiss Count II of Plaintiff's First Amended Complaint and dismissed Count II of Macon's First Amended Complaint (Doc. No. 38). In that same order the Court directed Family Dollar to show cause, in light of the Court's decision to dismiss Count II, why this case should not be remanded for want of subject matter jurisdiction (*Id.*). Family Dollar responded to the Court's order to show cause (Doc. No. 39). In its response, Family Dollar asserts that the case should not be remanded and

2

this Court's jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) because, despite the dismissal of Count II, the amount in controversy exceeds $75,000 (*Id.*). In support of its assertion, Family Dollar provided the Court with a copy of Macon's Answers to Defendant's Interrogatories in which Macon states that he suffered the following injuries as a result of the incident: "[r]ibs were broke; one ear bled; concussion on head; bruises from stomping and kicking; black eye; big knot on his head" (Doc. No. 40 at 4). Macon also indicates in his Answers to Defendant's Interrogatories that he continues to have the following complaints: "anxiety about going into stores; ribs hurt; depression" (*Id.*). On June 7, 2017, Macon moved to recover his attorney's fees on remand (Doc. No. 41). Macon argues that upon remand, the Court has the discretion to order the removing party to pay attorney's fees (Doc. No. 41 at 3). Therefore, Macon asserts, after providing a list of pleadings and motions prepared and filed by Plaintiff's counsel, that $25,000 would be a fair award (*Id.* at 4).

## II. Analysis

### A. Remand

The Court has a special obligation to consider *sua sponte* whether it has subject matter jurisdiction where the court believes that jurisdiction may be lacking. *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). Federal courts have original jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); *In re Minnesota Mutual Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003). To meet this burden, the defendant must present "some specific facts or evidence." *Harris v. Transamerica Life Ins. Co.*, 2014 WL 1316245, at *1 (E.D. Mo. Apr. 2, 2014). "The evidence

may include Plaintiff's representations, including settlement offers by plaintiff exceeding the jurisdictional amount, the plaintiff's refusal to stipulate that [he] would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff." *Ippert v. Schwan's Home Serv., Inc.*, No. 4:10CV01947 AGF, 2011 WL 839654, at *2 (E.D. Mo. Mar. 7, 2011) (internal quotation marks omitted).

Family Dollar has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. On the face of the Amended Complaint, Macon requests on Count I "damages [that] [] are fair and reasonable and for his costs herein expended" (Doc. No. 24 at 3). Family Dollar asserts that the amount in controversy exceeds $75,000 because Macon has specifically alleged injuries including "lost consciousness," "a broken rib," a "head injury," and "bruises and contusions" in his First Amended Complaint and similar injuries have been found to establish the amount-in-controversy requirement (Doc. No. 39 at 5). However, Family Dollar has failed to provide any specific facts or evidence in support of its assertion. *See Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002) (providing medical records). Without more, the Court cannot find that a reasonable factfinder would award Macon more than the jurisdictional amount, especially in consideration of Macon's responses to Defendant's Interrogatories regarding his injuries and continuing complaints. *See cf. Keithly v. Mocadlo*, No. 4:16 CV 1892 JMB, 2017 WL 513053, at *2 (E.D. Mo. Feb. 8, 2017) ("Plaintiff claims permanent, progressive, and disabling injuries to various bones, joints, muscles, nerves, and systems of his body, damage to his automobile, damage to his personal property, storage and rental car fees, lost wages, and permanent impairment of his ability to work, labor, and enjoy life."). Indeed, in its Offer of Judgment, Family Dollar offered Macon just $5,000 (Doc. No. 34). Finally, although not binding on Plaintiff, in his reply to Family Dollar's response to his Motion for Attorney's Fees, Macon agrees not to seek "actual damages" in excess of $74,999.99

4

(Doc. No. 44 at 2). Accordingly, the Court will remand this action to the 21st Judicial Circuit Court, St. Louis County, Missouri.

**B. Motion for Attorney's Fees**

Under 28 U.S.C. 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* Unusual circumstances include a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction. *Id.*

At the time of removal, Family Dollar had an objectively reasonable basis for removing this case to federal court. In his Petition, Macon requested "damages [that] [] are fair and reasonable and for his costs herein expended" on Count I and "compensatory and exemplary damages in an amount which is fair and reasonable and for his costs herein expended" for Count II (Doc. No. 3). *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (directing the court to consider "the objective merits of removal at the time of removal, irrespective of the ultimate remand."). In light of these vague prayers for relief and the possibility of punitive damages, Family Dollar had an objectively reasonable basis for removing the case to federal court. The Court also notes that Macon has failed to provide any evidence in support of his request for fees. Therefore, the Court finds that Plaintiff's Motion to Recover his Attorney's Fees on Remand (Doc. No. 41) should be denied.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the 21st Judicial Circuit Court, St. Louis County, Missouri.  A separate Order of Remand will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff Darrell Macon's Motion to Recover his Attorney's Fees on Remand (Doc. No. 41) is **DENIED**.

**IT IS FURTHER ORDERED** that all remaining pending motions are denied as moot in light of the Court's decision to remand this action.

Dated this 1st day of November, 2017.

                                                /s/ Noelle C. Collins
                                                NOELLE C. COLLINS
                                                UNITED STATES MAGISTRATE JUDGE